UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Li Da Sun, individually and on behalf all other employees similarly situated,<br><br>Plaintiff,<br><br>- against -<br><br><br><br>Urban Blue Design Inc, Zhang Sun a.k.a Sam Sun<br><br>Defendants. | Case No.<br><br>**<u>COLLECTIVE ACTION COMPLAINT</u>** |

Plaintiff Li Da Sun ("Plaintiff") on his own behalf and on behalf of all others similarly situated, by and through his undersigned attorneys, Hang & Associates, PLLC, hereby files this complaint against the Defendants Urban Blue Design Inc, Zhang Sun a.k.a Sam Sun (collectively "Defendants"), alleges and shows the Court the following:

<u>**INTRODUCTION**</u>

1.      This is an action brought by Plaintiff on his own behalf and on behalf of similarly situated employees, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") and the New York Labor Law, arising from Defendants' various willful and unlawful employment policies, patterns and/or practices.

2.      Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and NYLL by engaging in a pattern and practice of failing to pay his employees, including Plaintiff, compensation for all hours worked, minimum wage, and overtime compensation for all hours worked over forty (40) each workweek.

3.      Plaintiff alleges pursuant to the FLSA, that they are entitled to recover from the Defendants: (1) unpaid wages and minimum wages, (2) unpaid overtime wages, (3) liquidated damages, (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

4.      Plaintiff further alleges pursuant to New York Labor Law § 650 et seq. and 12 New York Codes, Rules and Regulations §§ 146 ("NYCRR") and New York Common law that they are entitled to recover from  the  Defendants: (1) unpaid wages and minimum wages, (2)  unpaid overtime compensation, (3) unpaid "spread of hours" premium for each day they worked ten (10) or  more  hours,  (4) compensation for failure to provide wage notice at the time of hiring and failure to provide paystubs in violation of the NYLL, (5) liquidated damages equal to the sum of unpaid minimum wage and overtime compensation, unpaid "spread of hours" premium,  failure to provide wage notice at the time of hiring and failure to provide paystubs pursuant  to  the  NY Wage  Theft  Prevention  Act;  (6) prejudgment and post-judgment interest; and (7) attorney's fees and costs.

## JURISDICTION AND VENUE

5.      This Court has original federal question jurisdiction over there controversy under 29 U.S.C.  §216(b), 28 U.S.C. § 1331, and has supplemental jurisdiction over the New York Labor Law claims pursuant to 28 U.S.C. § 1367(a).

6.      Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in there District, and the acts and omissions giving rise to the claims herein alleged took place in there District.

## PLAINTIFF

7.      Plaintiff Li Da Sun is a resident of Queens and was employed as a driver and worksite helper by Defendant Urban Blue Design Inc.[1] with its principal place of business at 111 Mill Dam Road, Centerport, NY 11721.

## DEFENDANTS

8.      Upon information and belief, Defendant Urban Blue Design Inc. is a construction company with its principal place of business at 111 Mill Dam Road, Centerport, NY, 11721.

9.      Upon information and belief, Defendant Urban Blue Design Inc. had gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year. Upon information and belief, Defendants purchased and handled goods moved in interstate commerce.

10.     Upon information and belief, Defendant Zhang Sun a.k.a Sam Sun is the owner, officer, director and/or managing agent of Defendants Urban Blue Design Inc. and participated in the day-to-day operations of them and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with Defendant Urban Blue Design Inc.

11.     Upon information and belief, Defendant Zhang Sun a.k.a Sam Sun owns the stock of Defendant Urban Blue Design Inc. and manages and makes all business decisions including but not limited to the amount in salary the employee will receive and the number of hours' employees will work. (See Exhibit 2).

12.     At all times, relevant herein, Urban Blue Design Inc. was, and continue to be, an "enterprise engaged in commerce" within the meaning of FLSA.

---

[1] On its NYS Department of State record, Defendant Urban Blue Design Inc. listed its principal executive office as in 26 Oleander Drive, Northport, NY 11768.

13.     At all relevant times, the work performed by Plaintiff was directly essential to the business operated by Urban Blue Design Inc.

## STATEMENT OF FACTS

14.     Defendants committed the following alleged acts knowingly, intentionally and willfully.

15.     Defendants knew that the nonpayment of wages, minimum wage, overtime pay, spread of hours pay, and failure to provide the required wage notice at the time of hiring would financially injure Plaintiff and similarly situated employees and violate state and federal laws.

16.     From August 15, 2016 to December 2016, Plaintiff was hired by Defendants to work as a driver and worksite helper for Defendants.

17.     Plaintiff worked six days per week with one day off on Sunday. Each morning Plaintiff would have to pick construction workers up in Flushing at around 7:00 am and then drive them to different construction sites. After dropping off workers at different construction worksites, he was required to stay at certain work site and on call for various tasks, including but not limited to helping workers at the worksite or transporting materials and/or tools from one worksite to another, or go to purchase materials needed upon Defendants' request. Plaintiff generally would finish his work at around 8:00 p.m. everyday. He had no uninterrupted break each work day and was always on-call for work assignments, Plaintiff therefore worked between twelve (12) to thirteen (13) hours per day and around seventy-two (72) hours a week.[2]

18.     From August 15, 2016 to October 11, 2016, Plaintiff was paid $130 per day. However, for the period from October 12, 2016 to Decemeber 2016, he was promised $5,000 for

---

[2] Plaintiff also occasionally worked on Sundays.

his work at certain construction site, but ended up with being paid only $2,000. Apart from the above-mentioned $3,000 owed, Plaintiff was also owed wages at other worksites: $1,000 for work perfomed at Site 17; $600 for work perfomed at Site 154; $1,000 for work perfomed at Site 9; and $400 for work perfomed at Site 42.

19.     Defendants did not compensate Plaintiff minimum wage or overtime compensation according to state and federal laws.

20.     Plaintiff was not compensated for New York's "spread of hours" premium for shifts that lasted longer than ten (10) hours each week.

21.     Defendants did not provide Plaintiff with a wage notice at the time of his hiring.

22.     The applicable minimum wage for the period of August 15, 2016 to December 30, 2016 is $9.00 per hour.

23.     Defendants committed the following alleged acts knowingly, intentionally and willfully.

24.     Defendants knew that the nonpayment of overtime and the "spread of hours" premium would economically injure Plaintiff and the Collective Members by their violation of federal and state laws.

25.     While employed by Defendants, Plaintiff was not exempt under federal and state laws requiring employers to pay employees overtime.

26.     Plaintiff and the FLSA Collective Action members' workdays frequently lasted longer than 10 hours.

27.     Defendants did not pay Plaintiff and other Collective Action members' New York's "spread of hours" premium for every day in which they worked over 10 hours.

28.     Defendants failed to keep records of Plaintiff's hours worked and wages.

29.     The governing test regarding the "tools of the trade" is stated in the pertinent Department of Labor regulations: "if it is a requirement of the employer that the employee must provide tools of trade which will be used in or are specifically required for the performance of the employer's particular work, there would be a violation of the Act in any workweek when the cost of such tools purchased by the employee cuts into the minimum or overtime wages required to be paid him under the Act" 29 C.F.R. § 531.35.

30.     Defendants knowingly and willfully operated their business with a policy of not reimbursing Plaintiff for expenses incurred purchasing construction material and/or tools Defendants need with his own money. Specifically, Plaintiff incurred about $ 1, 200 out-of-pocket expenses for the purchase of materils and/or tools that was not reimbursed.

31.     Defendants did not provide Plaintiff and other Collective Action members with written notices about the terms and conditions of their employment upon hire in relation to their rate of pay, regular pay cycle and rate of overtime pay. These notices were similarly not provided upon Plaintiff and other Collective members' pay increase(s).

## COLLECTIVE ACTION ALLEGATIONS

32.     Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to Plaintiff or other similarly situated employees.

33.     Defendants knowingly and willfully operated his business with a policy of not paying Plaintiff and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

34.     Defendants knowingly and willfully operated their business with a policy of not paying the New York State "spread of hours" premium to Plaintiff and other similarly situated employees.

35.     Plaintiff brings there action individually and on behalf of all other and former non-exempt employees who have been or were employed by the Defendants at each of his three restaurant locations for up to the last three (3) years, through entry of judgment in there case (the "Collective Action Period") and whom failed to receive minimum wages, spread-of-hours pay, overtime compensation for all hours worked in excess of forty (40) hours per week (the "Collective Action Members"), and have been subject to the same common decision, policy, and plan to not provide required wage notices at the time of hiring, in contravention to federal and state labor laws.

36.     Upon information and belief, the Collection Action Members are so numerous the joinder of all members is impracticable. The identity and precise number of such persons are unknown, and the facts upon which the calculations of that number may be ascertained are presently within the sole control of the Defendants. Upon information and belief, there are more than seven (7) Collective Action members, who have worked for or have continued to work for the Defendants during the Collective Action Period, most of whom would not likely file individual suits because they fear retaliation, lack adequate financial resources, access to attorneys, or knowledge of his claims. Therefore, Plaintiff submits that there case should be certified as a collection action under the FLSA, 29 U.S.C. §216(b).

37.     Plaintiff will fairly and adequately protect the interests of the Collective Action Members, and has retained counsel that is experienced and competent in the field of employment law and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of there collective action.

38.     The action should be certified as collective action because the prosecution of separate action by individual members of the collective action would risk creating either inconsistent or varying adjudication with respect to individual members of the collective that would as a practical matter be dispositive of the interest of the other members not party to the adjudication, or subsequently impair or impede his ability to protect his interests.

39.     A collective action is superior to other available methods for the fair and efficient adjudication of the controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation makes it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of their action as collective action.

40.     Questions of law and fact common to members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the questions of fact common to Plaintiff and other Collective Action Members are:

a. Whether the Defendants employed Collective Action members within the meaning of the FLSA;

b. Whether the Defendants failed to pay the Collective Action Members the minimum wage in violation of the FLSA and the regulations promulgated thereunder;

c. Whether the Defendants failed to pay the Collective Action Members overtime wages for all hours worked above forty (40) each workweek in violation of the FLSA and the regulation promulgated thereunder;

d. Whether the Defendants failed to pay the Collective Action Members spread of hours' payment for each day an employee worked over 10 hours;

e. Whether the Defendants failed to provide the Collective Action Members with a wage notice at the time of hiring as required by the NYLL;

f. Whether the Defendants' violations of the FLSA are willful as that terms is used within the context of the FLSA; and,

g. Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive, and statutory damages, interest, costs and disbursements and attorneys' fees.

41.     Plaintiff knows of no difficulty that will be encountered in the management of there litigation that would preclude its maintenance as a collective action.

42.     Plaintiff and others similarly situated have been substantially damaged by Defendants' unlawful conduct.

## STATEMENT OF CLAIM

### COUNT I
**[Violations of the Fair Labor Standards Act—Minimum Wage
Brought on behalf of the Plaintiff and the FLSA Collective]**

43.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

44.     At all relevant times, upon information and belief, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. §§206(a) and §§207(a). Further, Plaintiff is covered within the meaning of FLSA, U.S.C. §§206(a) and 207(a).

45.     At all relevant times, Defendants employed "employees" including Plaintiff, within the meaning of FLSA.

46.     Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

47.     The FLSA provides that any employer engaged in commerce shall pay employees the applicable minimum wage. 29 U.S.C. § 206(a).

48.     At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiff, and the collective action members, for some or all of the hours they worked.

49.     The FLSA provides that any employer who violates the provisions of 29 U.S.C. §206 shall be liable to the employees affected in the amount of his unpaid minimum compensation, and in an additional equal amount as liquidated damages.

50.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by failing to compensate Plaintiff and Collective Members at the statutory minimum wage when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

## COUNT II
### [Violation of New York Labor Law—Minimum Wage]

51.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

52.     At all relevant times, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

53.     Pursuant to the New York Wage Theft Prevention Act, an employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to the total of such under-payments found to be due the employee.

54.     Defendants knowingly and willfully violated Plaintiff's and Collective Members' rights by failing to pay them minimum wages in the lawful amount for hours worked.

## COUNT III
### [Violations of the Fair Labor Standards Act—Overtime Wage
### Brought on behalf of the Plaintiff and the FLSA Collective]

55.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

56.     The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 USC §207(a).

57.     The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207 shall be liable to the employees affected in the amount of his unpaid overtime compensation, and in an additional equal amount as liquidated damages.  29 USC §216(b).

58.     Defendants' failure to pay Plaintiff and the FLSA Collective his overtime pay violated the FLSA.

59.     At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiff and Collective Action Members for all hours worked in excess of forty (40) hours per workweek,

which violated and continues to violate the FLSA, 29 U.S.C. §§201, et seq., including 29 U.S.C. §§207(a)(1) and 215(a).

60.     The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. §516.4.

61.     Defendants willfully failed to notify Plaintiff and FLSA Collective of the requirements of the employment laws in order to facilitate his exploitation of Plaintiff's and FLSA Collectives' labor.

62.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by his failure to compensate Plaintiff and Collective Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

## COUNT IV
### [Violation of New York Labor Law—Overtime Pay]

63.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

64.     Pursuant to the New York Wage Theft Prevention Act, an employer who fails to pay proper overtime compensation shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to the total of such under-payments found to be due the employee.

65.     Defendants' failure to pay Plaintiff and the FLSA Collective his overtime pay violated the NYLL.

66.     Defendants' failure to pay Plaintiff and the FLSA Collective was not in good faith.

## COUNT V
### [Violation of New York Labor Law—Time of Hire Wage Notice Requirement]

67.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

68.     The Defendants failed to furnish to the Plaintiff at the time of hiring a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with section one hundred ninety-one of there article; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of the NYLL, § 195(1).

69.     Due to the defendants' violation of the NYLL, § 195(1) each Plaintiff is entitled to recover from Defendants, jointly and severally, $50 for each workday that the violation occurred or continued to occur, up to $5,000, together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-b).

## COUNT VI
### [Violation of New York Labor Law—New York Pay Stub Requirement]

70.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

71.     The NYLL and supporting regulations require employers to provide detailed paystub information to employees every payday. NYLL §195-1(d).

72.     Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of each Plaintiff, and did not provide the pay stub on or

after each Plaintiff's payday.

73.    Due to Defendants' violations of New York Labor Law, Plaintiff is entitled to recover from Defendants, jointly and severally, $250 for each workday of the violation, up to $5,000 for Plaintiff to get them with costs and attorneys' fees pursuant to New York Labor Law N.Y. Lab. Law §198(1-d).

**COUNT V.**
**[Violation of Fair Labor Standards Act —**
**Failure to Reimburse for Expenses relating to Tools of Trade Brought on Behalf of**
**Plaintiff and the FLSA Collective]**

74.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

75.    At all relevant times, Defendants had a policy and practice of refusing to reimburse Plaintiff for expenses incurred in relation to tools of the trade used by the Plaintiff and the Collective Class in order to deliver food to customers of Defendants.

76.    Defendants failed to pay completely Plaintiff for expenses incurred in relation to tools of the trade, that is, Plaintiff was required to spend approximately $1,200 out-of-pocket expenses for the purchase of materials and/or tools during his work.

77.    Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to reimburse Plaintiff and Collective Class Members the expenses incurred in relation to tools of the trade used by Plaintiff when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Class members.

14

**Prayer for Relief**

WHEREFORE, Plaintiff, on behalf of himself and the FLSA collective Plaintiffs, respectfully requests that there court enter a judgment providing the following relief:

a)      Authorizing Plaintiff at the earliest possible time to give notice of this collective action, or that the court issue such notice, to all persons who are presently, or have been employed by defendants as non-exempt tipped or non-tipped employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of his right to join this lawsuit if they believe they were denied proper hourly compensation and premium overtime wages;

b)      Certification of this case as a collective action pursuant to FLSA;

c)      Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in there action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and his counsel to represent the Collective Action Members;

d)      A declaratory judgment that the practices complained of herein are unlawful under FLSA and New York Labor Law;

e)      An injunction against Urban Blue Design Inc. and Urban Nails & Spa Inc. d/b/a Urban Nails its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

f)      An award of unpaid wages and minimum wages due Plaintiff and the Collective Action members under the FLSA and New York Labor Law, plus compensatory and

liquidated damages in the amount of twenty five percent under NYLL §§190 et seq., §§650 et seq., and one hundred percent after April 9, 2011 under NY Wage Theft Prevention Act, and interest;

g)      An award of unpaid overtime wages due under FLSA and New York Labor Law;

h)     An award of unpaid "spread of hours" premium due under the New York Labor Law;

i)      An award of damages for Defendants' failure to provide wage notice at the time of hiring as required under the New York Labor Law.

j)      An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay wages, minimum wages and overtime compensation, and "tools of trade" expenses pursuant to 29 U.S.C. §216;

k)     An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay wages, minimum wages, overtime compensation, and "spread of hours" premium, pursuant to New York Labor Law;

l)      An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NYLL §§198 and 663;

m)    The cost and disbursements of this action;

n)     An award of prejudgment and post-judgment fees;

o)     Providing that if any amounts remain unpaid upon the expiration of ninety days following the issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL §198(4); and

p)     Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Dated:  Flushing, New York September 20, 2017    HANG & ASSOCIATES, PLLC.

*/S/ JIAN HANG*
Jian Hang, Esq.
136-18 39th Ave., Suite 1003
Flushing, New York 11354
Tel: 718.353.8588
jhang@hanglaw.com
*Attorneys for Plaintiff*

17

# EXHIBIT 1

**CONSENT TO SUE UNDER**
**FEDERAL FAIR LABOR STANDARDS ACT**

I am an employee currently or formerly employed by URBAN BLUE DESIGN INC., ZHANG SUN, a.k.a SAM and/or related entities and individual. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Contingent Fee Retainer signed by the named plaintiff in this case.

_Li da Sun_
Full Legal Name (Print)

_Linda Sun_
Signature

_3/15/17_
Date

# EXHIBIT 2

**NOTICE OF INTENTION TO ENFORCE SHAREHOLDER LIABILITY
FOR SERVICESRENDERED**

TO:   Zhang Sun a.k.a Sam Sun

     PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that Li Da Sun and others similarly situated intend to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders of Urban Blue Design Inc. for all debts, wages, and/or salaries due and owing to them as laborers, servants and/or employees of the said corporations for services performed by them or the said corporations within the six (6) years preceding the date of this notice and have expressly authorized the undersigned, as his attorney, to make this demand on his behalf.

     Dated: September 20, 2017