UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LI DA SUN, individually and on behalf all other employees similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>URBAN BLUE DESIGN INC, ZHANG SUN a.k.a SAM SUN<br><br>*Defendants.* | **CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS**<br><br>1:17-cv-05538-SLT-RLM |

This Settlement Agreement and Limited Release of Claims ("Agreement") is entered into by and among Plaintiff LI DA SUN ("Plaintiff") on the one hand, and URBAN BLUE DESIGN INC, ("the Company")  and ZHANG SUN a.k.a SAM SUN (collectively, "Defendants," and together with Plaintiff, the "Parties"), on the other hand.

WHEREAS, Plaintiff alleges that he worked for Defendants as an employee; and

WHEREAS, a dispute has arisen regarding Plaintiff's alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Eastern District of New York, Civil Action No: 1:17-cv-05538 (hereinafter "the Litigation"), alleging, among other things, a violation of federal wage and hour and overtime laws;

WHEREAS, Defendants deny any violation of federal and/or state wage and hour and overtime laws;

WHEREAS, Defendants deny all claims in Plaintiff's Complaint;

WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation;

WHEREAS, the Parties have determined it to be in their mutual interest to settle the Action and all matters between them;

WHEREAS, the Parties desire to have no further obligation to each other, except as specifically provided herein;

WHEREAS, Plaintiffs' Attorney and Defendants' Attorney have negotiated the settlement terms set forth in this Agreement at a Mediation held on November 20, 2018 before Mediator Marjorie E. Berman, Esq., in order to reach a settlement acceptable to the Parties which constitutes a fair and reasonable compromise of Plaintiff's claims and Defendants' defenses (the "Agreement");

WHEREAS, Plaintiff acknowledges that he has entered into this Agreement freely and voluntarily, without threats or coercion of any kind by anyone; and

WHEREAS, Plaintiff acknowledges that he understands the meaning and effect of the execution of this Agreement.

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

1.     **Payment**: Defendants shall pay or cause to be paid to Plaintiff, subject to the terms and conditions of this Agreement, and as full, complete, and final settlement and final satisfaction of any and all claims or potential claims Plaintiff may have against Defendants through the Effective Date of this Agreement (each such claim a "Released Claim"), including all counsel fees and costs incurred by Plaintiff, the gross sum of Seven Thousand and Five Hundred Dollars ($7,500.00) ( " the Settlement Sum") in two monthly installments of Three Thousand Seven Hundred and Fifty Dollars ($3,750.00) each. Of the Settlement Sum, Four Thousand, Three Hundred Sixty-Six Dollars and Sixty-Seven Cents ($4,366.67) will be allocated to the Plaintiff and Three Thousand, One Hundred Thirty-Three Dollars and Thirty-Three Cents ($3,133.33) will be allocated to Hang & Associates, PLLC for Nine Hundred Fifty Dollars ($950.00) of costs and fees and Two Thousand, One Hundred Eighty-Three Dollars and Thirty-Three Cents ($2,183.33) for attorney's fees.

   a.  At the Settlement Date, which is defined to be thirty (30) days after the Court's approval of the settlement, Defendants shall send <u>two checks</u> to Hang & Associates, PLLC, 136-18 39th Ave. Ste 1003, Flushing, NY 11354: one check in the amount of Two Thousand, One Hundred Eighty-Three Dollars and Thirty-Three Cents ($2,183.33) shall be made payable to the Plaintiff Sun, Li Da; one check in the amount of One Thousand, Five Hundred Sixty-Six Dollars and Sixty-Seven Cents ($1,566.67) made payable to Hang & Associates, PLLC.

   b.  On the Settlement date, another two checks, one in the amount of One Hundred Eighty-Three Dollars and Thirty-Three Cents ($2183.33) payable to the Plaintiff Sun, Li Da and one in the amount of One Thousand, Five Hundred Sixty-Six Dollars and Sixty-Seven Cents ($1,566.67) and payable to Hang & Associates, PLLC., both post-dated as 30 days after the Settlement Date shall also be sent to Hang & Associates, PLLC.

Upon full execution of this Agreement, Plaintiff will execute and file with the Court: (1) a Stipulation of Dismissal with Prejudice, in the form set forth in **Exhibit A** to this Agreement.

2.     **Indemnification**. Plaintiff and Plaintiff's counsel shall be solely responsible for payment of any taxes due on the payments received under the Agreement, and in the event of an audit of Defendants by any taxing authority regarding payments to Plaintiff and Plaintiff's counsel, Plaintiff and Plaintiff's counsel and shall indemnify and hold Defendants harmless for

any failure of Plaintiff or Plaintiff's counsel to pay taxes on any payments received from Defendants pursuant to this Agreement.

3.     **Confession of Judgment**. It is further agreed that pursuant to this Agreement between the Parties, the Defendants  shall sign a Confession of Judgment in the form annexed hereto as **Exhibit B** in the amount of Eleven Thousand Two Hundred and Fifty Dollars ($11,250.00) or 1.5 times the Settlement Amount of Seven Thousand and Five Hundred Dollars ($7,500.00), which Confession of Judgment shall be held in escrow by the Plaintiff's counsel. So long as Defendants adhere to the terms and conditions of this Agreement, Plaintiff shall take no action to enforce the Confessions of Judgment by any other means. The Confessions of Judgment shall be held in escrow by Plaintiff's Attorney and shall not be filed with the Court unless Defendants fail to pay any of the payments required by paragraph 1 on or by the dates they are due, and fail to cure within ten (10) days of receiving notice of default.

4.     **Failure to Pay / Notice & Cure**. If Defendants fail to make a payment required under this Agreement within the specific schedule above, Plaintiff's counsel shall notify Defendants in writing by facsimile and electronic mail (MKC@mkclawgroup.com) of the default. Upon receipt of the notice, Defendants shall have ten (10) business days to cure the default.  In the event Defendants fail to cure said default  within ten (10) business days after receipt of the  notice of the default, the entire unpaid balance of the Settlement Amount shall become accelerated and immediately due, less any amounts paid by Defendants.  The Plaintiff shall be permitted, without any further notice, to file the Confessions of  Judgment with the Clerk of United States District Court for the Eastern District of New York with a certification informing this Court of such failure. Upon the filing of such  Confessions of Judgment and certification, Plaintiff will be entitled to enforce the Confessions of Judgment by all means permitted by law, and shall be entitled attorneys' fees and costs and statutory interest on any unpaid amount from the date the Confessions of Judgment are executed by the Defendants.

5.     **Limited Release of Wage and Hour Claims  and Covenant Not To Sue**:

In exchange for the Settlement Payment and the promises made herein, Plaintiff, on behalf of himself and all of his heirs, executors, administrators and assigns, hereby unconditionally releases Defendants, as well as all of their respective parents, subsidiaries, affiliates, successors-in-interest, predecessors-in-interest, officers, directors, supervisors, heirs, executors, employees, agents and representatives (collectively, "RELEASEES") from ANY AND ALL claims, liabilities, promises, agreements, and lawsuits (including claims for attorneys' fees and costs actually incurred) of any nature, including:

     i.  all wage and hour related claims under federal, state or local law or regulation or common law, including but not limited to those that arise under the Fair Labor Standards Act and New York State Labor Law which Plaintiff has or may have (including those which he knows about and also those claims about which he does not know) against the Releasees, whether asserted in this action or not.

This Agreement and Release does not extend to those rights which as a matter of law cannot lawfully be waived.  Specifically, Plaintiff's release of claims set forth above shall not prevent Plaintiff from filing a charge or participating in any investigation or proceeding conducted by the

United States Equal Employment Opportunity Commission, National Labor Relations Board or any other governmental agency charged with enforcement of any law. Plaintiff, however, further agrees and understands that he has waived any right to recover monetary damages or other relief personal to Plaintiff in any such charge, complaint or lawsuit filed by him or on his behalf in any way relating to any released claims.

6.    **No Admission of Wrongdoing**: This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

7.    **Dismissal of the Litigation**: Plaintiff shall file, within five (5) business days of receipt of the fully executed Agreement, a Stipulation of Dismissal with Prejudice (in the form of **Exhibit A**, attached hereto, which is incorporated to this Agreement by reference) with the Court in this action. In the event that additional documentation is needed to terminate the Litigation, and Plaintiff shall execute and submit all documents required to terminate such proceedings.

8.    **Mutual Non Disparagement**: The parties agree that they will not engage in any conduct that is injurious to the reputation and interests of each other, including publicly disparaging (or inducing or encouraging others to publicly disparage), denigrating or criticizing one another regarding any subject matter, including without limitation all parties and counsel and those that are relevant to the instant proceedings and the settlement of the Litigation. This Mutual Non Disparagement provision shall include non disparagement in any publication of any sort, including but not limited to any and all blogs, internet postings and the like referencing this litigation or any of the parties or their counsel to this matter in any manner.

9.    **Response to Subpoena**: Plaintiff agrees that, in the event he is subpoenaed by any person or entity (including, but not limited to, any government agency) to give testimony (in a deposition, court proceeding or otherwise) which in any way relates to the Defendants, his prior employment with Defendants, or to any subject matter relevant to the Litigation and the settlement of the Litigation, Plaintiff will give prompt notice of such request to Defendants and, if possible, will make no disclosure until Defendants have had a reasonable opportunity to contest the right of the requesting person or entity to such disclosure.

10.    **Return of all Property**: Plaintiff represents that he has returned to Defendants all Company property and any "Company Information" including, without limitation, mailing lists, reports, client lists, employee lists, files, memoranda, records and software, computer, door and file keys, security access codes, computer access codes or disks and other physical or personal property which Plaintiff received, prepared or helped prepare, or otherwise came in contact with and that Plaintiff will not retain any copies, duplicates, reproductions or excerpts thereof. The term "Company Information" as used in this Agreement includes but is not limited to: (a) confidential information of the Company including, without limitation, information received from third parties under confidential conditions; and (b) other financial information or trade secrets, the use or disclosure of which might reasonably be construed to be contrary to the interests of the Company or its affiliates and other related companies.

11.     **Employment References**:  Any request for a reference with respect to Plaintiff will be referred to the Company. The Company will limit any response to confirming Plaintiff's title and dates of employment, and shall further state that in accordance with the Company's policy, no further information can be provided beyond this neutral reference.

12.     **Modification of the Agreement**:  This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiff and Defendants.

13.     **Acknowledgment**: Plaintiff and Defendants acknowledge that they have been fully and fairly represented by counsel in this matter.

14.     **Miscellaneous**: As of the execution date of this Agreement, Plaintiff and his counsel represent and warrant that they are not presently aware of and have not solicited any individuals to bring or threaten to bring any action for unpaid wages or other claims against Defendants or any one of them, nor is he cooperating or assisting any attorney in any other action against Defendants or any one of them. Except as set forth herein, this Agreement shall not be cited in any matter for any purposes against Defendants, their affiliates, subsidiaries, predecessors, successors, assigns, and any of their respective officers, directors, employees, administrators, benefit plans, welfare plans, deferred compensation plans or long-term incentive plans, or as proof of liability of any sort.

15.     **Notices**:  Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following e mail and facsimile transmission thereof.  Notice hereunder shall be delivered to:

To Plaintiff:
Xiaoxi Liu, Esq.
Hang & Associates, PLLC
136-18 39th Ave Ste 1003
Flushing, NY 11354
Tel: 718-353-8588
Fax: 718-353-6288

To Defendants:
Michael K. Chong, Esq.
Law Offices of Michael K. Chong, LLC
2 Executive Drive, Suite 720
Fort Lee, NJ 07024
201-947-5200 (phone)
201-708-6676 (fax)
MKC@mkclawgroup.com

16.     **Governing Law**: This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof.  The parties consent and stipulate to the exclusive personal jurisdiction of the United States District Court for the Eastern District of New York, in any subsequent proceeding to enforce this Agreement.

17.  **Enforceability**: If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction or an arbitrator that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiff agrees to promptly execute a release, waiver and/or covenant that is legal and enforceable. A failure by Plaintiff to execute a valid and enforceable release within twenty-one (21) days of Defendants request shall result in Plaintiff's full return to Defendants of the full  amounts paid under this Agreement.

18.  **Release Notification and Withdrawal**:

a.  Defendants advise Plaintiff to discuss the terms of this Agreement and release of claims with his legal counsel. Plaintiff acknowledges that it is his choice to waive any potential claims in return for the benefits set forth herein and that each of them made this decision after careful thought, and after an opportunity to consult with his attorneys.

b.  Plaintiff acknowledges that he has been given an opportunity to consider this Agreement for at least twenty-one (21) days, and that he fully understands and agrees to all of its terms.

19.  **Counterparts**: To signify their agreement to the terms of this Agreement and General Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart.

20.  **Accord and Satisfaction**: Should any action or proceeding be instituted by any of the Plaintiff with respect to matters herein settled, released or waived pursuant to this Agreement, other than an action or proceeding to enforce the terms of this Agreement, this Agreement shall be deemed a full accord, satisfaction and settlement of any such claim(s) and sufficient basis for immediate dismissal.

21.  **No Assignment**: Plaintiff represents and warrants that he has not assigned, transferred, or purported to assign or transfer, to any person or entity, any Released Claim or any portion thereof or interest therein, including, but not limited to, any interest in the Litigation, or any related action and no lien exists therein.

22.  **Waiver**: Failure to insist on compliance with any term, covenant or condition contained in this Agreement shall not be deemed a waiver of that term, covenant or condition, nor shall any waiver or relinquishment of any right or power contained in this Agreement at any one time or more times be deemed a waiver or relinquishment of any right or power at any time or all times.

23.  **Binding Effect**: This Agreement shall be binding upon and inure to the benefit of the Parties, and the Parties' heirs, trustees, executors, administrators, successors, and assigns of the respective Parties.

24.    **Construction**: The terms and conditions of this Agreement have been negotiated by mutual agreement of the Parties.  Therefore, the terms and conditions of this Agreement are not intended to be, and shall not be, construed against any Party by virtue of draftsmanship.

25.    **Attorneys' Fees and Costs**:  Except as specifically provided elsewhere in this Agreement, each Party shall be solely responsible for its or their own attorneys' fees and costs in connection with the Litigation. However, the prevailing Party shall be entitled to recover all reasonable attorneys' fees and costs incurred in the prosecution of any action to enforce the terms of this Agreement.

26.    **Fair and Reasonable Settlement**: The Parties agree that this Agreement and the payments called for by this Agreement are fair and reasonable to all Parties, and that those payments and the other terms of this Agreement constitute a fair and reasonable settlement of the claims made in the Litigation.  The Parties also agree that there was no undue influence, duress, overreaching, collusion, or intimidation in reaching this Agreement, and that both Parties have sought and received the advice of competent counsel as to the meaning and effect of each of the terms of this Agreement before agreeing to sign it.

**THERFORE,** the parties to this Agreement now voluntarily and knowingly execute this Agreement as follows:

The Parties agree that this Agreement may be executed in counterparts, and that signatures transmitted electronically shall bear the same weight as original signatures.

**[THIS SECTION IS INTENTIONALLY LEFT BLANK]**

**PLAINTIFF ACKNOWLEDGES THAT HE HAS CAREFULLY READ THIS AGREEMENT, UNDERSTAND IT, AND IS VOLUNTARILY ENTERING INTO HIS OWN FREE WILL, WITHOUT DURESS OR COERCION, AFTER DUE CONSIDERATION OF ITS TERMS AND CONDITIONS.**

LI DA SUN

Dated: 1/20/2019


## CERTIFICATE OF TRANSLATION

I, Keri Liu, certify that I am fluent in both Chinese (Mandarin) and English and that I have correctly and accurately verbally translated both the Settlement Agreement and the Letter Requesting Judicial Approval of Proposed Settlement Agreement ("Joint Fairness Letter Motion") from English to Chinese (Mandarin) for Plaintiff(s) LI DA SUN. After the translation, I asked him if he understood the contents of the Settlement Agreement which he is signing and the Joint Fairness Letter Motion which informs the Court that the Parties believe the Settlement is fair, and which I have translated, and he answered in the affirmative. He has signed the Settlement Agreement in my presence after the translation, after due consideration and without coercion.

Name

Dated: 1/20/2019

**DEFENDANTS**

ZHANG SUN a.k.a SAM SUN

Dated: 1-22-19

URBAN BLUE DESIGN INC.

Name:

Title: owon

Dated: 1-22-19

1/29/2019

CHARMAINE HORTENSE CAMPBELL
Notary Public – State of New York
NO. 01CA6357631
Qualified in Kings County
My Commission Expires Nov 20, 2021

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
LI DA SUN, individually and on behalf all other
employees similarly situated,

*Plaintiff,*

v.

URBAN BLUE DESIGN INC, ZHANG SUN a.k.a
SAM SUN

*Defendants.*
-----------------------------------------------------------x

**Exhibit A**

Case No.17-cv-05538

**STIPULATION AND ORDER OF**
**DISMISSAL WITH PREJUDICE**

IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned counsel

for Plaintiff and Defendants in the above captioned action, that, in accordance with Rule 41 of the

Federal Rules of Civil Procedure, the action be dismissed, with prejudice and without costs or

attorneys' fees to any party, as to Plaintiffs or Defendants. This Court retains jurisdiction to enforce

the Settlement Agreement and the Release of this action.

Hang & Associates, PLLC
*Attorneys for the Plaintiff*

MKC Law Group LLC
*Attorneys for Defendants*

By: _____

Xiaoxi Liu, Esq.
136-18 39th Ave Ste 1003
Flushing, NY 11354
Tel: 718-353-6288

_____

Michael K Chong, Esq.
2 Executive Drive, Suite 720
Fort Lee, New Jersey 07024
Tel: (201) 947-5200

SO ORDERED

_____

1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

EXHIBIT B

LI DA SUN, individually and on behalf
all other employees similarly situated,

*Plaintiff,*

v.

URBAN BLUE DESIGN INC, ZHANG
SUN a.k.a SAM SUN

*Defendants.*

AFFIDAVIT OF CONFESSION
OF JUDGMENT BY ZHANG SUN
a.k.a SAM SUN

Case No. 17-cv-05538

STATE OF _____ )
                                            ) ss:
COUNTY OF _____ )

ZHANG SUN a.k.a SAM SUN, being duly sworn, deposes and states as follows:

1. I am an adult individual residing at ___ Mill Dam Rd Center Port NY 11721

2. I am individually named as a Defendant in Sun v. Urban Blue Design Inc. *et al*, Civil Action No. Case No. 17-cv-05538 filed in the United States District Court for Eastern District of New York (the "Lawsuit").

3. I make this affidavit pursuant to 3218 of the New York Civil Practice Law and Rules, in support of Plaintiff's application for the entry of a judgment by confession against myself, in the sum of Eleven Thousand Two Hundred and Fifty Dollars ($11,250.00), plus statutory interest thereon for each day beginning on and inclusive of the entry of judgment until said amount is paid by Defendants, together with all costs and attorneys fees incurred by Plaintiff in connection with any efforts to enforced the confessed judgment less any payments made under the Agreement.

4. This confession of judgment is for a debt due to Plaintiff LI DA SUN (hereinafter "Plaintiff").

5. The facts out of which the debt arose and the sum confession due is set forth below:

2

6. On September 20, 2017, LI DA SUN, through his attorneys, Hang and Associates, PLLC, filed a Complaint against Defendants in the United States District Court for the Eastern District of New York (the "Court") alleging claims under the Fair Labor Standards Act ("FLSA") and the New York Labor Law (the "NYLL"), 17-cv-05538 (the "Complaint").

7. On or around January 7, 2019, the Plaintiff and Defendants executed a Settlement Agreement and General Release, (the "Agreement").

8. The Agreement provides that Defendants will pay Seventy-Five Hundred Dollars ($7,500.00).

9. If Defendants fail to make payments as outlined in Paragraph 8, Plaintiff's may, with notice or demand, except as noted below, declare the entire sum then unpaid immediately due or payable. To exercise this right, Plaintiff's shall notify Defendants' Attorney Michael K Chong, Esq., MKC Law Group LLC, 2 Executive Drive, Suite 720, Tel: (201) 947-5200, Email: mkchong@mkclawgroup.com, in writing, by e mail and facsimile transmission of his intent to do so, and Defendants shall have ten (10) days to remedy their default.

10. If Defendants do not remedy the default within ten (10) days of Defendants' Attorney's receipt of such notice, I hereby authorize the entry of judgment against myself for the entire amount of Eleven Thousand Two Hundred and Fifty Dollars ($11,250.00), plus statutory interest thereon for each day beginning on and inclusive of the entry of judgment until said amount is paid by Defendants, together with all costs and attorneys fees incurred by Plaintiff's in connection with any efforts to enforced the confessed judgments less any payments made under the Agreement.

11. I am represented by counsel and have been fully advised in regard to this Agreement and Confession of Judgment.

12. I authorize entry of judgment in New York County, New York.

13. Plaintiff can only seek relief under this Confession of Judgment against URBAN BLUE DESIGN INC jointly or severally, and cannot seek to enforce Confessions of Judgment against URBAN BLUE DESIGN INC individuallyand separately.

3

Dated: 1/22/2019

Sworn to me this 22 day of JANUARY

_____
Notary Public

ZHANG SUN a.k.a SAM SUN

SHANICE CHANTELLE CAMPBELL
Notary Public - State of New York
NO. 01CA6305761
Qualified in Kings County
Commission Expires Nov 20, 2021

4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

LI DA SUN, individually and on behalf
all other employees similarly situated,

*Plaintiff,*

v.

URBAN BLUE DESIGN INC, ZHANG
SUN a.k.a SAM SUN

*Defendants.*

AFFIDAVIT OF CONFESSION
OF JUDGMENT BY
Name: _Zhang Sun_
Title: _Owner_
for **URBAN BLUE DESIGN INC.**

Case No. 17-cv-05538

STATE OF _____ )

COUNTY OF _____ ) ss:

Name: _Zhang Sun_ being duly sworn, deposes and states as follows:

1. I am an adult individual residing at _Plumill Dan Rd_
   _Centerport NY 11721_

2. I am the Title: _Owner_ of Corporate Defendant URBAN BLUE DESIGN INC,
   which is named as a Defendant in Sun v. Urban Blue Design Inc. *et al.*, Civil Action No.
   Case No. 17-cv-05538 filed in the United States District Court for District of Eastern
   District of New York (the "Lawsuit").

3. Deponent is duly authorized to make this affidavit on behalf of Corporate Defendant
   URBAN BLUE DESIGN INC (the "Corporate Defendant").

4. I make this affidavit pursuant to 3218 of the New York Civil Practice Law and Rules, in
   support of Plaintiff's application for the entry of a judgment by confession against myself,
   in the sum of Eleven Thousand Two Hundred and Fifty Dollars ($11,250.00), plus statutory
   interest thereon for each day beginning on and inclusive of the entry of judgment until said
   amount is paid by Defendants, together with all costs and attorneys fees incurred by
   Plaintiffs in connection with any efforts to enforced the confessed judgments less any
   payments made under the Agreement.

5

5. This confession of judgment is for a debt due to Plaintiff LI DA SUN (hereinafter "Plaintiff").

6. The facts out of which the debt arose and the sum confession due is set forth below:

7. On September 20, 2017, LI DA SUN, through his attorneys, Hang and Associates, PLLC, filed a Complaint against Defendants in the United States District Court for the Eastern District of New York (the "Court") alleging claims under the Fair Labor Standards Act ("FLSA") and the New York Labor Law (the "NYLL"), 17-cv-05538 (the "Complaint").

8. On or around January 7, 2019, the Plaintiff and Defendants executed a Settlement Agreement and General Release, (the "Agreement").

9. The Agreement provides that Defendants will pay Seventy-Five Hundred Dollars ($7,500.00).

If Defendants fail to make payments as outlined in Paragraph 9, Plaintiff's may, with notice or demand, except as noted below, declare the entire sum then unpaid immediately due or payable. To exercise this right, Plaintiff shall notify Defendants' Attorney, Michael K Chong, Esq., MKC Law Group LLC, 2 Executive Drive, Suite 720, Tel: (201) 947-5200, Email: mkchong@mkclawgroup.com, in writing by e mail and facsimile transmission of his intent to do so, and Defendants shall have ten (10) days to remedy their default.

If Defendants do not remedy the default within ten (10) days of Defendants' Attorney's receipt of such notice, I hereby authorize the entry of judgment against the Corporate Defendant Urban Blue Design Inc. for the entire amount of Eleven Thousand Two Hundred and Fifty Dollars ($11,250.00), plus statutory interest thereon for each day beginning on and inclusive of the entry of judgment until said amount is paid by Defendants, together with all costs and attorneys fees incurred by Plaintiff's in connection with any efforts to enforced the confessed judgments less any payments made under the Agreement.

10. I am represented by counsel and have been fully advised in regard to this Agreement and Confession of Judgment.

11. I authorize entry of judgment in New York County, New York.

12. Plaintiff can only seek relief under this Confession of Judgment against ZHANG SUN a.k.a SAM SUN or Urban Blue Design Inc. jointly or severally, and cannot seek to enforce Confessions of Judgment against ZHANG SUN a.k.a SAM SUN or Urban Blue Design Inc. individuallyand separately.

Dated:

Name: Zhihui Sun

Title: Owner

for URBAN BLUE DESIGN INC.

Sworn to me this 22 day of JANUARY, 2019

Notary Public

CHARMAINE HORTENSE CAMPBELL
Notary Public – State of New York
NO. 01CA6367831
Qualified in Kings County
My Commission Expires Nov 20, 2021